UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH MORALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 20-cv-07860-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 12 |

Plaintiff, a state prisoner, proceeds with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

### DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or from an employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although, in order to state

a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must therefore proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly* as such: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that Defendants failed to distribute facemasks, as a result of which he was infected with Coronavirus. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily

2

activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, a "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . [and] [a prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

In the original complaint, Plaintiff sought relief under the Americans with Disabilities Act ("ADA"). The Court dismissed the complaint with leave to amend noting that Plaintiff could not proceed under the ADA based on his allegations, but he could perhaps proceed with an Eighth Amendment violation that could be pleaded pursuant to § 1983. The court set forth the legal standards for an Eighth Amendment claim in this context and informed Plaintiff that in an amended complaint he should identify specific events, while describing how the named individuals violated his rights. He was advised to describe his medical condition that resulted from being infected with Coronavirus, as well as identifying the Defendant(s) that denied his requests for a facemask. The court informed Plaintiff that simply identifying the prison warden or the secretary of the entire prison system, while failing to describe their conduct, was insufficient.

Plaintiff has filed an amended complaint but has failed to follow the court's instructions. In the body of the complaint Plaintiff only identifies the warden as a Defendant and states that he is responsible for the inadequacies of the prison's medical care system. Plaintiff fails to even mention Coronavirus or the lack of masks; accordingly, Plaintiff's allegations fail to state a claim.

1  The amended complaint is therefore dismissed with leave to amend. If Plaintiff files a second
2  amended complaint, he should follow the Court's instructions above.
3        Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to
4  counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although
5  district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*,
6  as Plaintiff is here (*see* 28 U.S.C. § 1915(e)(1)), that does not give the courts the power to make
7  "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310
8  (1989). The Court of Appeals for the Ninth Circuit has held that a district court may ask counsel to
9  represent an indigent litigant in a civil case only in "exceptional circumstances," the determination
10 of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the
11 ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal
12 issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, the court finds that
13 Plaintiff has the ability to present his claims adequately because the issues are not complex.

## CONCLUSION

Plaintiff's motion to appoint counsel (Docket No. 12) is **DENIED**.

The Amended Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is served and must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge