UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH MORALEZ,<br><br>Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>Defendants. | Case No. 20-07860 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner currently housed at the San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against SQSP Warden Ron Davis, among others. Dkt. No. 1. The matter was originally assigned to the Honorable Magistrate Judge Robert M. Illman. Dkt. No. 3. Judge Illman dismissed the original and amended complaints, Dkt. No. 11, with leave to amend to correct various deficiencies in the pleadings. Dkt. Nos. 10, 13. Plaintiff filed a second amended complaint. Dkt. No. 14. Judge Illman directed the Clerk to reassign this matter to a district judge pursuant to *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017). Dkt. No. 20. The matter was reassigned to the Undersigned on May 3, 2021. Dkt. No. 21.

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

In the original complaint, Plaintiff sought relief under the Americans with Disabilities Act ("ADA") for the failure by unnamed defendants to distribute facemasks, resulting in him becoming infected with the Coronavirus. Although it failed to state an ADA claim, the complaint was dismissed with leave to amend for Plaintiff to attempt to state an Eighth Amendment violation under § 1983. Dkt. No. 13 at 3. Plaintiff was provided with the legal standards for an Eighth Amendment claim and instructed to identify specific events, describe how named individuals violated his rights, and to provide details of his medical condition that resulted from being infected with the virus. *Id.*

Plaintiff filed an amended complaint but failed to follow the court's instructions. *Id.* He named only the Warden as a defendant and alleged generally that the Warden was responsible for the inadequacies of the prison's medical care system. *Id.* Plaintiff failed to even mention the Coronavirus or the lack of masks. *Id.* In the interest of justice, Plaintiff was granted another opportunity to correct the deficiencies. *Id.* at 4.

2

Plaintiff has filed a second amended complaint which does not remedy the deficiencies from the amended complaint. Dkt. No. 14. The only defendant named is Warden Davis, the "propounding party." *Id.* at 1. Plaintiff asserts generally that "Defendants" violated the Eighth Amendment based on inadequate medical care, failure to keep medical records, and poor staff training and supervision. *Id.* at 9. He makes no specific allegations with regards to the Coronavirus, and merely includes several pages of exhibits without any explanation as to their relevancy. *Id.* at 11-30. Accordingly, the second amended complaint fails to state any cognizable claims.

Based on the foregoing, the second amended complaint is DISMISSED without leave to amend because Plaintiff was already afforded two opportunities to amend and the Court finds no good cause to grant him another opportunity where the deficiencies from the original and amended complaints remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons, the second amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: __September 24, 2021____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\07860Moralez_dism(ftsac)