UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH MORALEZ,<br>　　　　Plaintiff,<br>　　v.<br>RON DAVIS, et al.,<br>　　　　Defendants. | Case No. 20-07860 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br><br>(Docket No. 29) |

　　　On November 4, 2020, Plaintiff, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 198 against San Quentin State Prison ("SQSP") Warden Ron Davis, among others. Dkt. No. 1. Plaintiff was twice granted leave to amend to correct various deficiencies in the pleadings. Dkt. Nos. 10, 13. However, the second amended complaint again failed to remedy the deficiencies from the amended complaint. Dkt. No. 14. Therefore, on September 24, 2021, the Court dismissed the complaint for failure to state a claim for which relief can be granted, and entered judgment the same day. Dkt. Nos. 27, 28.

　　　On June 12, 2024, nearly three years later, Plaintiff filed a motion for reconsideration under Rule 60(b)(6) and (d)(1) of the Federal Rules of Civil Procedure. Dkt. No. 29.

# DISCUSSION

## A. Motion for Reconsideration

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *Id.*; *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute

2

for appeal or a means of attacking some perceived error of the court. *Id.*

The Court first notes that it doubtful that filing this Rule 60(b) motion over three years after judgment has been entered can be considered a "reasonable time." But even if timeliness is not an issue, Plaintiff must show that the grounds justifying relief are extraordinary to obtain relief under subparagraph (6). Rule 60(b)(6) is a catchall provision that is available only when Rules 60(b)(1) through (b)(5) are inapplicable, and only when extraordinary circumstances justify reopening the case. *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022); *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." *Id.* (internal quotations omitted).

Plaintiff asserts that he has a learning disability in the "area of… written language" that prevented him from generating an appropriate complaint against state employees for the violation of his civil rights due to the Covid-19 outbreak at SQSP. Dkt. No. 29 at 3. He asserts generally that he was wholly incapable of producing a competent complaint and lacked competent help to do so "until now." *Id.* at 4.

The Court finds Plaintiff has failed to establish that circumstances beyond his control prevented him from proceeding in a proper fashion. First, the attached papers indicate that Plaintiff was assessed with a learning disability as far back as 2007 and received accommodations for this disability in prison. Dkt. No. 29 at 7-13. Accordingly, Plaintiff was clearly aware of this disability long before he filed this action in 2020, and it did not prevent him from initiating such an action. Plaintiff also provides a letter from an attorney dated February 3, 2022, advising him about the status of the class action which his firm had been pursuing related to the Covid-19 outbreak at SQSP. *Id.* at 15-18. The

attorney advised Plaintiff that he and his firm had removed themselves from the case before state court and for Plaintiff to seek another attorney to pursue his claims in federal court.  *Id.*  The attorney also advised Plaintiff about filing a timely action in federal court (2 years from the date of injury) after properly exhausting administrative remedies.  *Id.* at 18.  Despite this advice, Plaintiff still waited over two years before filing the instant motion for reconsideration to reopen this action.  Plaintiff provides no explanation for the lengthy delay in filing this motion nor has he established that his long-existing learning disability was a "circumstance beyond his control" that prevented him from doing so.  Accordingly, the motion for reconsideration is **DENIED**.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff may appeal this matter to the Ninth Circuit.

This order terminates Docket No. 29.

**IT IS SO ORDERED.**

Dated:  __June 20, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Recon.
PRO-SE\BLF\CR.20\07860Moralez_recon